a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HUSSAIN ALI ALIZADA #A221-350-321,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01865<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Hussain Ali Alizada ("Alizada"), an immigration detainee who, at the time of filing, was detained at Winn Correctional Center in Winnfield, Louisiana. According to the Immigration and Customs Enforcement ("ICE") online detainee locator service, Alizada is now detained in Houston, Texas.[1]

Because there is no significant likelihood of removal in the reasonably foreseeable future, Alizada's Petition should be GRANTED.

## I.  Background

Alizada is a native and citizen of Afghanistan. ECF No. 1 at 4. He was taken into immigration custody on December 1, 2024, after entering the United States without inspection. *Id.*

---

[1] https://locator.ice.gov/odls/#/search

On May 5, 2025, an Immigration Judge ordered Alizada removed to Afghanistan or, alternatively, to Germany if he could demonstrate that he was lawfully permitted to enter Germany. ECF No. 1 at 3-4; 15-2 at 1-4. Alizada and the Government waived the right to appeal, rendering the removal order administratively final. *Id.*

While detained, Alizada submitted numerous written requests to ICE seeking information regarding the status of his removal and asking whether anything could be done to expedite his deportation. In one request, Alizada asked ICE for copies of documents to provide the German embassy. ECF No. 25 at 12. On July 25, 2025, ICE responded that Alizada was "already scheduled for a removal flight," but did not provide an anticipated date or country. *Id.*

On August 19, 2025, ICE issued Alizada a Notice of Imminent Removal advising that it possessed a travel document and expected to remove Alizada in September 2025. ECF No. 1-1 at 3. No country was specified, and removal did not occur.

Alizada alleges that on September 8, 2025, his deportation officer told him that Germany did not accept him. ECF No. 25 at 9.

On October 1, 2025, Alizada informed ICE that he provided his passport and other legal documentation in June 2025. *Id.* at 2. ICE responded that the documents had been received, and everything remained with Alizada's case officer. *Id.* On October 13, 2025, Alizada advised ICE that he had been waiting more than five

2

months to be deported, and he even offered to purchase his own airline ticket if that would facilitate his removal. ECF No. 1-1 at 1.

On December 1, 2025, an ICE officer advised Alizada: "You were told last month you will be leaving in November or December." ECF No. 25 at 11. But Alizada was not deported in either month.

Alizada alleges that on April 6, 2026, an ICE officer informed him that ICE could not deport him to Afghanistan. *Id.* at 10.

The Government contends that continued detention is lawful because ICE remains actively engaged in efforts to remove Alizada to Germany. ECF No. 15-3 at 2. In support, the Government submits the declaration of Assistant Field Office Director George Cortes ("Cortes") dated April 1, 2026. Cortes attests that "[a]s of February 17, 2026, ICE is actively working to effectuate Alizada's removal to Germany." *Id.* There is no attestation regarding any progress beyond February 17, 2026, nor is there any information regarding the status of travel documents. And four months later, Alizada remains detained.

On May 13, 2026, Assistant Federal Public Defender Andres Gomez enrolled as counsel for Alizada and filed a Reply memorandum asserting that the Government failed to produce evidence demonstrating a significant likelihood of Alizada's removal in the reasonably foreseeable future and that the conclusory assertions contained in the Cortes Declaration are insufficient under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 23.

Alizada also filed a pro se Reply asserting that neither Afghanistan nor Germany has accepted him for removal, and that ICE has been unable to provide any definite timeline for his deportation.  ECF No. 24.

## II.     Law and Analysis

The Court has jurisdiction to consider Alizada's challenge to his continued detention.  *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days within which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States.  *See Zadvydas*, 533 U.S. at 701.  In fact, detention for up to six months is "presumptively reasonable."  *Id.*  Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal

in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Alizada's removal order became final on May 5, 2025, Alizada has been detained beyond the presumptively reasonable period. So, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Alizada has now been detained for more than 13 months since his removal order became final. ICE formally advised Alizada through a Notice of Imminent Removal that it expected to remove him in September 2025. But the record contains no identification of the receiving country or why the removal failed. ICE officers later told Alizada that he would be deported in November or December 2025, but there is no indication that he received any other Notices or evidence that the September travel

5

documents were still valid. Nevertheless, the anticipated removal never occurred, and Alizada remains detained. Additionally, Alizada alleges that he was informed by ICE officers that neither Afghanistan nor Germany will accept him.

The burden shifts to the Government to provide evidence of a significant likelihood that Alizada will be deported in the reasonably foreseeable future. The only rebuttal evidence presented by the Government is a brief Declaration from Assistant Field Office Director George Cortes attesting that "[a]t various points, ICE scheduled Petitioner for removal, including anticipated departures in 2025"; and "[a]s of February 17, 2026, ICE is actively working to effectuate Petitioner's removal to Germany" by "coordinating with appropriate authorities and pursuing all available avenues to complete that removal." ECF No. 15-3. Absent from the Declaration and record before the Court is any evidence that Afghanistan or Germany agreed to accept Alizada, or that a third country is being pursued. There is no evidence contradicting Alizada's assertion that Officer Woodruff and others informed him that he cannot be removed to either Afghanistan or Germany. ECF No. 25 at 9.

Alizada has been detained for over 18 months, and over 13 months since his removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. Alizada is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at

6

701-02.  On this record, Alizada has provided a good reason to believe that the likelihood of his removal in the reasonably foreseeable future is not significant, and the Government has failed to provide evidence establishing otherwise.

## III.   Conclusion

Because there is no significant likelihood of Alizada's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 1, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE